UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 07-32469 |
| | ) | | |
| DIOYCA CARABALLO, | ) | CHAPTER | 7 |
| | ) | | |
| DEBTOR. | ) | DOC. I.D. NOS. | 15, 16, 17, 18 |

**APPEARANCES**

George C. Heck, Esq.                                   Attorney for the Debtor
Law Offices of George C. Heck, Esq., LLC
400 Bayonet Street, Suite 102
New London, CT 06320-0457

HSBC Mortgage Services                                 *Pro Se* Creditor
636 Grand Regency Boulevard
Brandon, FL 33510

**MEMORANDUM OF DECISION RE:**
**MOTION FOR APPROVAL OF REAFFIRMATION AGREEMENT**

Lorraine Murphy Weil, United States Bankruptcy Judge

Before the court are (1) a motion (Doc. I.D. No. 17)[1] to approve a certain Reaffirmation Agreement (Doc. I.D. No. 15) and (2) a motion (Doc. I.D. No. 18) to approve a second Reaffirmation Agreement (Doc. I.D. No. 16).[2] The court has jurisdiction over this matter as a core proceeding

---

[1] Citations herein to the docket of this bankruptcy case are in the following form: "Doc. I.D. No. ____."

[2] The motions hereafter are referred to collectively as the "Motions." The Reaffirmation Agreements hereafter are referred to collectively as the "Reaffirmation Agreements."

pursuant to 28 U.S.C. §§ 157(b) and 1334(b) and that certain Order dated September 21, 1984 of this District (Daly, C.J.).[3]

**I.    BACKGROUND**

On October 24, 2007, the Debtor commenced the instant bankruptcy case by the filing of a chapter 7 petition. (Doc. I.D. No. 1.) A complete set of schedules (*see id.*) was filed along with the petition. In Schedule D (Creditors Holding Secured Claims), the Debtor listed a claim held by HSBC Mortgage Services ("HSBC") for $167,474.05 (the "Debt"), which is secured by the Debtor's residence (the "Real Property") located in New London, Connecticut. (*See* Doc. I.D. No. 1 (Schedule D - Creditors Holding Secured Claims).) The Debtor valued her interest in the Real Property at $250,000.00 and exempted $18,450.00 of that value pursuant to 11 U.S.C. § 522(d)(1). (*See* Doc. I.D. No. 1 (Schedule C - Property Claimed as Exempt).) The Debtor opted to reaffirm the Debt in respect of the Real Property pursuant to 11 U.S.C. § 524(c). (*See* Doc. I.D. No. 1 (Chapter 7 Individual Debtor's Statement of Intention).)

On January 23, 2008, the Debtor filed the Reaffirmation Agreements seeking to reaffirm the sums of $133,079.32 (*see* Doc. I.D. No. 15) and $34,101.03 (*see* Doc. I.D. No. 16) in respect of the Debt with both obligations remaining secured by mortgage interest(s) in the Real Property. (*See* Reaffirmation Agreements.) No attorney certification was filed with respect to the Reaffirmation Agreements. (*Cf.* 11 U.S.C. § 524(c)(6) (hearing required if the debtor is not represented by an attorney during the course of negotiating the subject reaffirmation agreement).) On January 23,

---

[3]    That order referred to the "Bankruptcy Judges for this District" *inter alia* "all proceedings arising under Title 11, U.S.C., or arising in . . . a case under Title 11, U.S.C. . . . ."

2008, the Debtor also filed the Motions. An evidentiary hearing (the "Hearing") on the Motions was scheduled for February 26, 2008. (*See* Doc. I.D. No. 20.)

The Debtor and her attorney appeared at the Hearing to prosecute the Motions but HSBC did not appear at the Hearing. No persuasive evidence was offered at the Hearing that the Debt in respect of the Reaffirmation Agreements was fully secured. At the conclusion of the Hearing, the court found and/or concluded that: (a) the Reaffirmation Agreements did not impose an undue hardship on the Debtor or a dependent of the Debtor (the "First Finding") and (b) the Reaffirmation Agreement was in the best interest of the Debtor (the "Second Finding"). (*Cf* 11 U.S.C. § 524(c)(6)(A).) Accordingly, the court orally granted the Motion (the "Oral Disposition"). On February 27, 2008, orders issued approving the Reaffirmation Agreements (*see* Doc. I.D. Nos. 27, 28).

On February 28, 2008, the court issued that certain Order Vacating Oral Disposition, Restoring Matter to Court's Calendar and Scheduling Hearing (Doc. I.D. No. 29, the "Order"). The Order raised the following issue (the "Issue") with respect to the Second Finding: Whether, after the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), *Capital Communications Federal Credit Union v. Boodrow (In re Boodrow),* 126 F.3d 43 (2d Cir. 1997), *cert. denied*, 522 U.S. 1117 (1998) and *BankBoston, N.A. v. Sokolowski (In re Sokolowski),* 205 F.3d 532 (2d Cir. 2000), remain binding authority that (1) a debtor has an option (the "ride through option") to retain real property collateral and maintain current performance under the subject loan documents and (2) the secured creditor may not foreclose based solely on the debtor's filing of the bankruptcy petition and failure to reaffirm. (*Cf.* 11 U.S.C. § 362(h) (applicable

to personal property only).)[4] (*See* Order at 2.) The court further noted in the Order that if *Boodrow* and *Sokolowski* remain binding authority, the court would be inclined to amend the Second Finding to find and/or conclude that the Reaffirmation Agreements are not in the Debtor's best interest because she could retain the subject real property without reaffirming the Debt, and the court would deny the Motions on that basis. Pursuant to the Order, the court vacated the Oral Disposition, restored the Motions to the court's calendar and scheduled a hearing (the "Continued Hearing") on the Issue for March 19, 2008. The Order was served upon HSBC (among other persons).

Counsel for the Debtor appeared at the Continued Hearing and HSBC did not appear. Counsel for the Debtor agreed with the court's preliminary determination that *Boodrow* and *Sokolowski* remain binding authority in the Second Circuit. Counsel further stated that he did not believe the Reaffirmation Agreements were in the best interest of the Debtor.

## II. DISCUSSION

Code § 521(a) provides in relevant part as follows:

(a) The debtor shall–
. . .
   (6) in a case under chapter 7 of this title in which the debtor is an individual, not retain possession of *personal property* as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under section 341(a), either–
      (A) enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property; or
      (B) redeems such property from the security interest pursuant to section 722.

---

[4] *Boodrow* and *Sokolowski* were decided before the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). BAPCPA added a new Section 362(h) to the Bankruptcy Code. As noted above, Section 362(h) applies to personal property only.

11 U.S.C. § 521(a)(6) (West 2008) (emphasis added).  Bankruptcy Code § 362(h) provides in relevant part:

> (h)(1)  In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to *personal property* of the estate or of the debtor securing in whole or in part a claim . . . , and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)–
> (A) to file timely any statement of intention required under section 521(a)(2) with respect to such *personal property* or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such property, either redeem such personal property pursuant to section 722 [or] enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property . . . .

11 U.S.C. § 362(h)(1) (West 2008) (emphasis added).

*Boodrow* and *Sokolowski* permitted application of the ride through option with respect to both real property and personal property.[5]  Code §§ 521(a)(6) and 362(h) abrogated the ride through option as it pertains to personal property.  However, courts have concluded that the ability of a debtor to choose the ride though option as it relates to real property was not abrogated by BAPCPA.  *See In re Wilson*, 372 B.R. 816, 820 (Bankr. D.S.C. 2007) ("[T]he Court finds that . . . controlling precedent in the Fourth Circuit . . . provides for a 'ride through' option for real property that was unaffected by the BAPCPA amendments."); *In re Bennett*, No. 06-80241, 2006 WL 1540842, at *1

---

[5] The court is aware that the collateral at issue in *Boodrow* and *Sokolowski* was motor vehicles and not real property.  The court does not believe, however, that those decisions were limited to loans secured by personal property.   In at least one instance, the Second Circuit Court of Appeals affirmed the ride through option on a loan secured by real property by summary order. *See In re Suarez*, No. 98-5034, 1999 WL 753381 (2d Cir. Sept. 20, 1999).  Furthermore, at least one court has applied the *Boodrow* rationale to a case that involved real property and specifically noted *Boodrow's* applicability to loans secured by real property.  *See In re Gaines*, 243 B.R. 221, 224 n.7 (Bankr. N.D.N.Y. 1999) ("Although the conclusion reached by the Court in *Boodrow* applied to a loan secured by a motor vehicle, . . . courts within the Second Circuit have extended the same rationale to a loan secured by a real property mortgage.").

(Bankr. M.D.N.C. May 26, 2006) ("[T]he court finds that debtors . . . continue to have the right . . . to retain real property without being required to reaffirm or redeem, so long as payments to the creditor are current.").

The court "assume[s] that Congress passed each subsequent law with full knowledge of the existing legal landscape . . . ." *Northwest Airlines Corp. v. Association of Flight Attendants-CWA (In re Northwest Airlines Corp).*, 483 F.3d 160, 169 (2d Cir. 2007). *See also Garcia v. Teitler*, 443 F.3d 202, 207 (2d Cir. 2006) ("We should assume . . . that Congress legislated against a background of law already in place and the historical development of that law." (citation and internal quotation marks omitted) (modification in original)). For this court, the pre-BAPCPA "existing landscape" is defined by *Boodrow*, *Sokolowski* and cases interpreting those decisions which held that the ride through option applied to real property and personal property. Accordingly, this court must conclude that when Congress eliminated the ride through option for personal property in BAPCPA, Congress was aware that there was a ride through option for real property and intended to leave it intact post-BAPCPA. Consequently, the court agrees with the *Bennett* and the *Wilson* courts and concludes that debtors are permitted to take advantage of the ride through option with respect to relevant real property. As a result, the court also must find and/or conclude that the Reaffirmation Agreements are not in the Debtor's best interest and must be disapproved.

          Document      Page 7 of 7

**IV.    CONCLUSION**

For the reasons discussed above, the court amends the Second Finding and concludes that the Reaffirmation Agreements are not in the best interest of the Debtor because she could retain the subject real property without reaffirming the Debt. As a result, marginal orders will enter (1) disapproving the Reaffirmation Agreements and (2) denying the Motions.

Dated: April 29, 2008                                                  BY THE COURT

*Lorraine Murphy Weil*
Lorraine Murphy Weil
United States Bankruptcy Judge